IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry Moorehead, # 059913, <br> a/k/a Jerry T. Moorehead, <br><br>                    Plaintiff, <br><br> vs. <br><br> Ofc. J. Ellsworth: <br> Sgt. Benard: <br> Ofc. Roberts <br> Greenville County Detention <br> Center Administration, <br><br>                    Defendants | Civil Action No. 6:15-4414-GRA-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina.  The three individual defendants are employees or officials at the Greenville County Detention Center.  The plaintiff has also named the Greenville County Detention Center Administration as a defendant.

The "Statement of Claim" portion of the complaint reveals that this civil rights action arises out of a one-day lack of access by the plaintiff to toilets at the Greenville County Detention Center.  The plaintiff alleges: (1) he is disabled because of his various medical conditions (doc. 1 at 3); (2) on October 26, 2015, around 6:00 p.m., Officer Ellsworth came around the dorm checking for contraband or doing an inspection of the pod (*id*.); (3) when Officer Ellsworth got to the plaintiff's cell, he grabbed the plaintiff's mat and directed two officers to take the plaintiff to the multi-purpose room (*id*.); (4) the two officers put the plaintiff in a wheelchair,  handcuffed him to the wheelchair, and transported the plaintiff to the Red pod (*id*. at 4); (5)  after the plaintiff's arrival at the Red pod, Officer Roberts picked up the plaintiff, carried him to a cell, and placed the plaintiff on a bench,

where the plaintiff sat for nine hours (*id.*); (6) Officer Roberts threw the plaintiff's bed liner "in the floor" where the plaintiff could not get to it (*id.*); (7) the plaintiff got down on the floor and "used the bathroom on [him]self" (*id.*); (8) the plaintiff lay on the floor for eight hours or more (*id.*); (9) the plaintiff asked Officer Roberts for soap, but Officer Roberts refused to get him any soap (*id.*); (10) the plaintiff had to use his t-shirt to clean himself (*id.*); (11) the plaintiff believes this incident to be cruel and unusual punishment (*id.*); and (12) Sgt. Benard was the sergeant on duty (*id.*).  In his prayer for relief, the plaintiff seeks $500,000 from each defendant in this case, suspension without pay of each defendant for six months, and any other relief that a jury might award (*id.* at 5).  On page two of the complaint, the plaintiff reveals that he has not filed a grievance because there is no grievance procedure at the Greenville County Detention Center.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law.  *See Jones v.*

2

*Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").  "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).  Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216; *Anderson*, 407 F.3d at 681. "[U]nexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.  It also has the "potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.*" Id.*

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006).  As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89–90.  This is especially true in a prison context. *Id*. at 90 n. 1.  Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

This court may take judicial notice that the Greenville County Detention Center does, in fact, have a grievance procedure.  *See Fleming v. Gault*, Civil Action No. 6:13-3375-MGL-JDA, 2015 WL 1021132, at *7 (D.S.C Mar. 9, 2015) (outlining grievance procedure at Greenville County Detention Center).   The plaintiff indicates that he has not filed a grievance.  The plaintiff's complaints to jail officials do not constitute exhaustion of

3

his available administrative remedies. *See Poe v. Bryant*, No. 9:12-cv-3142-RMG, 2013 WL 6158023, at *6 n. 5 (D.S.C. Nov. 21, 2013) (citing *Davis v. Minthorn*, No. 05-326, 2006 WL 2222700 (E.D. Tenn. Aug. 2, 2006) (submission of inmate request form not sufficient to exhaust grievance remedy)).  There is no allegation in the complaint that the plaintiff's ability to file a grievance has been impeded by jail officials, so the Greenville County Detention Center grievance procedure is an "available" remedy. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In any event, this court has held that a short-term denial of a prisoner's access to a toilet is not constitutional violation.  *See Booker v. Atkinson*, Civil Action No. 3:11-1651-RBH-JRM, 2011 WL 8193750, at *2–3 (D.S.C. Aug. 31, 2011) (collecting cases), *adopted by* 2012 WL 2712152 (D.S.C. July 9, 2012).

This federal court cannot suspend the defendants from their jobs at the Greenville County Detention Center. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

December 9, 2015                                             Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).